UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-83-RLV
(5:12-cr-37-RLV-3)

| | |
|---|---|
| ANTOINE LEE FERONE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon Respondent's motion requesting the Court enter an order holding this action in abeyance. (Doc. 3.) Petitioner is represented by the Federal Defenders of Western North Carolina. According to Respondent's motion, counsel for Petitioner does not object to the request. (Doc. No. 3 at 2.)

Petitioner was convicted by plea of two counts of conspiracy to commit Hobbs Act Robbery (18 U.S.C. § 1951), two counts of Hobbs Act Robbery (18 U.S.C. § 1951); one count of use and carry a firearm during and in relation to a crime of violence, and brandishing (18 U.S.C. §§ 924(c)); and one count of possession of a firearm by a felon (18 U.S.C. § 922(g)(1)). Petitioner's § 924(c) conviction was based on his having used and carried a firearm in furtherance of one count of conspiracy to commit Hobbs Act Robbery and one count of Hobbs Act Robbery. For the 924(c) conviction, the Court imposed a seven-year sentence.

On May 19, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner challenges his § 924(c) conviction and sentence on the ground that the relevant crimes of which he was also convicted — conspiracy to commit

1

robbery under the Hobbs Act and robbery under the Hobbs Act — are no longer "crimes of violence" in the light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Consequently, Petitioner argues, his Hobbs Act offenses cannot support his § 924(c) conviction and such conviction must be vacated.

In response to Petitioner's motion, Respondent has filed the instant motion to hold this proceeding in abeyance. Respondent notes that pending in the Fourth Circuit is the case of United States v. Ali, No. 15-4433 (4th Cir). The Court notes that also pending in the Fourth Circuit is the case of United States v. Simms, No. 15-4640 (4th Cir.) The appellants in Ali and Simms both contend that a Hobbs Act robbery (and in Ali, conspiracy to commit a Hobbs Act robbery) can no longer be considered a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) and thus any § 924(c) conviction predicated thereon is void.

Based upon the foregoing reasons, and with Petitioner's consent, the Court concludes that Respondent's motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to place this case in abeyance (Doc. No. 3) is **GRANTED** and this matter is hereby held in abeyance pending decisions by the Fourth Circuit in the Ali and Simms cases. Thereafter, Respondent shall have 60 days from issuance of the mandates in Ali and Simms in which to respond to Petitioner's § 2255 motion to vacate.

Signed: September 7, 2016

Richard L. Voorhees
United States District Judge